UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

  v.

David Earl Gregoire,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 09-275 ADM/RLE

_____

Lisa D. Kirkpatrick, Esq., Assistant United States Attorney, Minneapolis, MN, for Plaintiff.

Andrew S. Birrell, Esq., Birrell & Newmark, Ltd., Minneapolis, MN, on behalf of Defendant.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant David Gregoire's ("Defendant") Objections [Docket No. 40] to Chief Magistrate Judge Raymond L. Erickson's December 2, 2009 Report and Recommendation [Docket No. 39] ("R&R"). The R&R recommends denying Defendant's Motion to Suppress Statements [Docket No. 12] and Defendant's Motion to Suppress Evidence [Docket No. 13]. For the reasons set forth below, the Objections are overruled and the R&R is adopted.

## II. BACKGROUND

Defendant is charged with interstate transportation of stolen property, in violation of 18 U.S.C. § 2314, and five counts of mail fraud in violation of 18 U.S.C. § 1341. R&R at 2. The facts underlying these charges are comprehensively set forth in Judge Erickson's R&R and are incorporated by reference for purpose of the present Objections.

## III.  DISCUSSION

### A.  Standard of Review

"A district judge may refer to a magistrate judge for recommendation a defendant's motion to dismiss or quash an indictment or information, a motion to suppress evidence, or any matter that may dispose of a charge or defense."  Fed. R. Crim. P. 59(b)(1).  "The district judge must consider de novo any objection to the magistrate judge's recommendation."  Fed. R. Crim. P. 59(b)(3).

### B. Defendant's Objections

#### 1.  Motion to Suppress Evidence

Defendant argues that the search conducted by the Little Falls Police Department was an unreasonable invasion of his privacy because (a) third parties (the Arnolds) were present during the search; (b) items were seized which were not immediately apparent to be incriminating; and (c) the content of Defendant's computer was examined after it was seized.  Id. at 12.  Judge Erickson's R&R analyzed and rejected each of the above arguments, and Defendant objects to Judge Erickson's conclusions.

##### a.  The Arnolds' Presence at the Execution of the Search Warrant

In finding that the Arnolds' presence at the execution of the search did not violate Defendant's Fourth Amendment rights, Judge Erickson determined that the police officers acted reasonably in utilizing the Arnolds' assistance "as [the Arnolds] had first-hand, direct knowledge concerning the items that were in the inventory at Reed's warehouse, and that potentially could have been stolen, and they could confirm that the specific items, which the police had uncovered outside of the original packaging, were stolen."  Id. at 14.  Defendant argues that Judge

Erickson's conclusion is incorrect. He contends that Judge Erickson failed to distinguish an analogous case, United States v. Waxman, 572 F. Supp. 1136, 1149 (E.D. Pa. 1983), aff'd, 745 F.2d 49 (3d Cir. 1984). Objections at 3. The Court disagrees.

As Judge Erickson explained, the "case law discloses a lengthy history of police officers requesting the aid of private citizens in order to accomplish a lawful search, particularly where the citizen is the victim of a theft." R&R at 14-15. "Where the police enter a home under the authority of a warrant to search for stolen property, the presence of third parties for the purpose of identifying stolen property has long been approved by this Court and our common-law tradition." Wilson v. Layne, 526 U.S. 603, 611-12 (1999). See also United States v. Sparks, 265 F.3d 825, 832 (9th Cir. 2001) ("'Where the civilian participating in the execution of a search warrant is the victim of a theft who has been requested by police to point out property that has been stolen from the victim, the courts have unanimously held that the civilian's presence did not affect the propriety of the search.'") (quoting Diane Schmauder Kane, Civilian Participation in Execution of Search Warrant as Affecting Legality of Search, 68 A.L.R. 5th 549, § 3(b) (1999)); Bills v. Aseltine, 958 F.2d 697, 706 (6th Cir. 1992) ("Police may constitutionally call upon private citizens to assist them, and where assistance is rendered in aid of a warrant, and not for some other purpose, the bounds of reasonableness have not been overstepped."). The Arnolds' initiation of contact with the police to offer their help, and not vice versa, is a distinction without a difference. The Arnolds were victims of the theft and were present for the purpose of directly assisting law enforcement in the identification of stolen property; therefore, their presence did not violate Defendant's legitimate expectation of privacy.

Defendant parses language from United States v. Waxman, 572 U.S. F.Supp. 1136, 1149

(E.D. Pa. 1983), to argue that identification of stolen items by private parties is constitutionally impermissible unless the police officers *already* recognize the objects as stolen. Objections at 3. The phrase in <u>Waxman</u> quoted by Defendant occurs in the following passage:

> Under certain circumstances, however, private persons who are victims of the crime or analogous to victims, may accompany officers executing a valid search warrant. (Citations omitted). The situation here, however, is distinguishable from the circumstances under which private persons may participate in an authorized search. [The expert] was not a victim of the crimes . . . nor was he analogous to being a victim. Rather, he was invited to participate in the search solely because the officers knew him to be an art expert capable of determining whether some or all of the pieces in defendant's residence were stolen. [The expert] had suffered no loss when he entered the premises. Perhaps had he been invited to participate to verify that the objects seized pursuant to the warrant were in fact those objects or to verify the stolen nature of the other objects *already* recognized as such by the officers, his recognition of other objects as stolen and their seizure would have been proper.

<u>Id</u>. at 1149-1150. The <u>Waxman</u> court's discussion of the propriety of private parties to verify/confirm the stolen nature of objects versus identifying the stolen nature of objects in the first instance arose in the context of experts. This case, however, involves the participation of a victim, rather than an expert. The reasoning of <u>Waxman</u> is counter-balanced by the greater weight of authority holding that participation of a private party in the execution of a search warrant in order to identify (not merely verify) stolen property does not render the search improper. <u>United States v. Clouston</u>, 623 F.2d 485, 486-87 (6th Cir. 1980) (finding that the presence of a telephone company's employees at the execution of a search warrant for the purpose of <u>identifying</u> equipment owned by their employer did not render a warranted search unconstitutional); <u>State v. Ricci</u>, 472 A.2d 291, 298 (R.I. 1984) (holding that a jewelry expert who accompanied the police for the purpose of <u>identifying</u> allegedly stolen jewelry, which the

4

police then seized, did not invalidate the search); People v. Superior Court (Meyers), 598 P.2d 877, 882 (Cal. 1979) (concluding that burglary victims who participated in the execution of a search warrant to <u>identify</u> property that had been stolen from them did not render the search improper and was an effective method by which law enforcement could <u>identify</u> and seize stolen property); State v. Klosterman, 317 N.W.2d 796, 803 (N.D. 1982) (same). Accordingly, the Arnolds' presence at the execution of the search warrant and identification for the police of items that had been stolen from Reed's Sporting Goods does not amount to a constitutional violation.

### b. The Plain View Exception

Defendant next objects to Judge Erickson's determination that the officers had probable cause to seize certain items that were not specified in the search warrant, but were immediately apparent as incriminating evidence, and could therefore be seized pursuant to the plain view doctrine. Police may seize evidence pursuant to the plain view exception when (1) the item is in plain view; (2) the officer is lawfully located where he may view the object; and (3) the object's incriminating nature is immediately apparent. United States v. Clay, 579 F.3d 919, 932 (8th 2009). "'Immediately apparent' requires that the agent have 'probable cause to associate the property with criminal activity.'" Id. (quoting Texas v. Brown, 460 U.S. 730, 741-42 (1983)).

Defendant argues that, without the Arnolds' assistance, the officers lacked probable cause to seize certain items (goods out of their original packaging, a hunting ladder, and display items). This argument hinges on Defendant's argument that the Arnolds' presence at the execution of the search warrant was impermissible, and, therefore, nothing the Arnolds said during the search could be used to provide probable cause. As previously explained, the Arnolds' presence at the search was permissible and there is nothing inappropriate about the

5

police relying on the Arnolds' positive identification of stolen items in plain view to give them probable cause to seize the goods.

Furthermore, the officers testified that the items seized pursuant to the "plain view" exception were commingled with other allegedly stolen items and were in close proximity to sporting goods which were clearly marked as Reed's merchandise. Reviewing the evidence de novo, the Court concludes that the officers had probable cause to seize the goods out of their original packaging, the hunting ladder, and the display items.

### c. The Computer

Defendant objects to Judge Erickson's conclusion that the June 6, 2008 search warrant authorized a search of Defendant's computer and a separate search warrant was not required. Objections at 5. Defendant's objection is overrruled.

The warrant authorized the seizure of the computer and a search of Defendant's financial records. Judge Erickson relied on an analogous case from the First Circuit, United States v. Upham, 168 F.3d 532 (1st Cir. 1999), for the proposition that the extraction of information from within a computer is no different than the extraction of an undeveloped film or the lab processing of bloodstains, which do not require an additional warrant. R&R at 26-27. Judge Erickson further observed that the search for financial records on a computer is akin to a search for financial records in a file cabinet, and that, since it would hardly be objectionable to search a file cabinet without a separate warrant, the same is true of a computer search. Id. at 27-28. The Court agrees with Judge Erickson's analysis. A search warrant which specifically authorized the seizure of a computer and a search for financial records clearly contemplates at least a limited search of the computer's contents.

6

Defendant next argues that the forensic analysis of the computer, "at a later point in time, and at an off-site location involves government conduct over and above that" which is permissible. Objections at 6. However, the government did not need a second warrant to conduct the forensic analysis. Cf. United States v. Johnson, 709 F.2d 515, 516 (8th Cir.1983) (holding that because officers were authorized to open a safe under the warrant at the time of the search, they did not need a second warrant to complete a later, off-site search).

### 2. Motion to Suppress Statements

Judge Erickson found that Defendant's statements were voluntary and that he knowingly waived his Miranda rights. R&R at 47-48. Defendant argues that: (1) his statements were the "product of the promise of leniency" and "that his will was overborne by the implied promise made to him that he would be subjected to lesser charges should he cooperate with the police"; and (2) the government has not shown that he "understood his right to remain silent as well as the consequences of choosing to remain silent and of choosing to speak with the government." Objections at 7. Defendant's objections iterate the same arguments that were thoroughly addressed by Judge Erickson. R&R at 46-48. The Court has conducted a de novo review of the files, records, and proceedings in view of those arguments and agrees with Judge Erickson's conclusions.

### IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Erickson's R&R [Docket No. 39] is **ADOPTED**;

2. Defendant's Objections [Docket No. 40] are **OVERRULED**;

3. Defendant's Motion to Suppress Statements [Docket No. 12] is **DENIED**; and

4. Defendant's Motion to Suppress Evidence [Docket No. 13] is **DENIED**.

BY THE COURT:


　　　s/Ann D. Montgomery　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 29, 2009.